UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 5:19-cr-00535 |
| | : | |
| FRANCES M. EDDINGS (1) | : | |
| | : | |
| JUDE L. DENIS (2) | : | |

**O R D E R**

**AND NOW,** this 23rd day of April, 2021, upon consideration of the parties' several motions *in limine*, *see* ECF Nos. 100-01, **IT IS HEREBY ORDERED AS FOLLOWS**:

1. Eddings's request that the Court "preclude the government from using terms such as 'extortion' at trial," ECF No. 100 at 2, is **DENIED.**[1]

2. Eddings's request that the Court reject the Government's first supplemental jury instruction, *see* ECF No. 100 at 6-12, which purports to define "unauthorized access," *see* ECF No. 90, is **DENIED, without prejudice** and with leave to re-assert at the charge conference.[2]

3. The Government's request for an Order precluding any statement to the jury regarding the potential punishment faced by Defendants, *see* ECF No. 101 at 7, is **GRANTED.**[3]

---

[1] While "extortion" has a technical legal meaning, *see* 18 U.S.C. § 1951(b)(2) ("The term 'extortion' means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."), "extort" and "extortion" are also words used in common parlance. "Extortion" is not charged in the Superseding Indictment. In the Court's view, it is not too much to ask the jurors in this matter to consider "extort" and "extortion" as these words are used in common parlance. To the extent there is the possibility for the jurors to be confused by use of "extort" or "extortion," or that there is a risk that use of these terms will cause Defendants undue prejudice, the jurors will be instructed on the law by the Court. It is not unreasonable to assume that the jurors will faithfully follow the law as charged.

[2] Similarly, the Government's request that the Court reject Denis's proposed jury instructions numbered 3 and 4, *see* ECF No. 90-1 at 9-12, is denied, without prejudice and with leave to re-assert at the charge conference.

[3] *See Shannon v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.' *Rogers v. United States,* 422 U.S. 35, 40 (1975).

4. Defendants are **ORDERED** to refrain from making any mention at trial of, or reference to, any punishment to which Defendants are potentially subject.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury." (footnotes omitted)).